IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00950-WYD-MEH

ROBERT YOUNG,

Plaintiff,

v.

DORIS BURD,

Defendant.

ORDER STRIKING COMPLAINT AND
DIRECTING FILING OF AMENDED COMPLAINT

**Entered by Michael E. Hegarty, United States Magistrate Judge.**

Plaintiff Robert Young ("Plaintiff") is a *pro se* litigant who has filed a Complaint, requesting compensatory damages against the above-named Defendant. In filing his pleading, the Plaintiff has chosen to utilize only the first and final pages of the Court's standardized complaint form, substituting two self-styled pages for the sections of the standardized form typically setting forth designation of parties to the lawsuit, jurisdiction of the Court, the nature of the case, and causes of action. Although this Court must construe Plaintiff's pro se pleadings liberally, he must follow the rules of federal civil procedure, including Fed.R.Civ.P. 8. *See Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994). In other words, while the Plaintiff is not required to utilize the Court's standardized form in filing his lawsuit, he is required to submit a Complaint that satisfies the rules of federal civil procedure.

Under Rule 8(a)(1) of the Federal Rules of Civil Procedure, a pleading must contain "a short and plain statement of the grounds upon which the court's jurisdiction depends." Absent such a

statement, the court has no way of knowing whether or not it would be proper for it to hear the case. The pleading filed by the Plaintiff does not contain the required statement telling the court why his cause of action could properly be heard in federal court.

Additionally, Federal Rule of Civil Procedure 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(e)(1) states that "each averment of the pleading shall be simple, concise and direct." As presently drafted, the Plaintiff's Complaint is too vague, ambiguous and imprecise to allow the Defendant to formulate an answer or other responsive pleading. Plaintiff identifies one Defendant, but he fails to identify who that Defendant is and in what capacity any claim is brought against that Defendant, and what conduct renders the Defendant liable.

In this case, the paragraphs of Plaintiff's Complaint fail to specify facts upon which this Court can make an initial determination that jurisdiction is appropriate under the Complaint. He has also failed to clearly identify the causes of action he seeks to bring against the named Defendant or provide a short and plain statement which would give the Defendant fair notice of the basis of any claims for which the Plaintiff seeks relief, so that the Defendant may respond, or to allow this Court to conclude that the allegations, if proven, show Plaintiff in this case is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kan.*, 891 F.2d 1473, 1480 (10th Cir. 1989). Instead, the Plaintiff basically just compiles a narrative of how he feels aggrieved by what appears to be proceedings which occurred in a state court child abuse case, rather than a simple, concise, and direct assertion of his claims as required by Fed.R.Civ.P. 8(e)(1). Even liberally construed, the Complaint in this case is incomprehensible in providing a basis for the relief Plaintiff seeks. *See Carpenter v. Williams*, 86 F.3d 1015, 1016 (10th Cir. 1996). It is not the role of either the Court or the Defendant to sort through a Complaint in order to construct a cause of action for

the Plaintiff. *See Glenn v. First Nat'l Bank in Grand Junction*, 868 F.2d 368, 371-72 (10th Cir. 1989).

The Complaint fails to satisfy the requirements of Rule 8. This lawsuit cannot proceed without a Complaint filed by the Plaintiff that contains a short and plain statement of the jurisdiction of this Court and Plaintiff's claims, as required by Fed. R. Civ. P. 8. In its present form, the Complaint is subject to dismissal because it is vague and conclusory, and because it does not comply with Rule 8. Accordingly, the Complaint shall be stricken from the record, and the Plaintiff directed to file an Amended Complaint which complies with Fed. R. Civ. P. 8. *See Simmons v. Abruzzo*, 49 F.3d 83, 86 (2nd Cir. 1995) (when a complaint fails to comply with the requirements of Fed.R.Civ.P. 8, the district court has the power to *sua sponte* dismiss or strike the pleading); *see also McHenry v. Renne*, 84 F.3d 1172 (9th Cir. 1996).

## CONCLUSION

Based on the foregoing discussion, it is ORDERED that the Plaintiff's Complaint, filed May 9, 2007 [Docket #1], is **stricken** because it does not comply with Rule 8.

Further, it is ORDERED that the Plaintiff shall have until **Tuesday, June 5, 2007**, to file an Amended Complaint that complies with the requirements of Fed.R.Civ.P. 8. The Plaintiff is warned that this case is subject to dismissal if he fails to file such an Amended Complaint.

Dated at Denver, Colorado, this 15th day of May, 2007.

BY THE COURT:

 s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge