IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00950-WYD-MEH

ROBERT YOUNG,

    Plaintiff,

v.

DORIS BURD,

    Defendant.

---

**RECOMMENDATION ON MOTION TO DISMISS
PURSUANT TO FED. R. CIV. P. 12(b)(6)**

---

**Entered by Michael E. Hegarty, United States Magistrate Judge.**

Pending before the Court is Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) [Filed June 8, 2007; Doc #7]. Plaintiff did not respond. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. Colo. LCivR 72.1C, this matter has been referred to this Court for recommendation. For the reasons set forth below, the Court recommends that the District Court **grant** Defendant's Motion to Dismiss.

**I.    Facts**

Defendant Doris Burd is a judge currently serving in the Criminal Division in Denver County Court. According to the Amended Complaint, Plaintiff was brought before the Defendant for the disposition of a child abuse charge. In his Complaint, Plaintiff alleges that the following conduct by Defendant violated his "American Constitutional and or Civil Right's [sic]":

> 1. The trial judge fail [sic] to correctly apply the rules of evidence, the law was not properly applied.
> 2. The trial judge's finding on the issue should have been against the D.A. who had the burden of proving the act of child abuse.
> 4. [sic] The verdict was against the weight of the evidence.

> 5. The case was not treated fairly, straight forward or and [sic] objectively.
> 6. There were other significant irregulariyies [sic] with the trial, these mistakes affected the out come [sic] of the case.
> 7. Two trained professional experts [sic] statements proving that their [sic] could not have been any child abuse, were completely ignored.
> 8. The laws of physics, [sic] were completely ignored.
> 9. The Doctor's invoice, or and [sic] bill for 15,000 dollars from the sugery [sic] done on my shoulder, making me some what [sic] of a cripple. [sic] Was ignored. [sic]
> 10. The judge approve [sic] the wrong verdict basic [sic] on unprofessional and or personal feelings, there for [sic] taking away my Constitutional and Civil rights.
> 11. Their [sic] should be more training and or schooling on the law, and how it should be correctly applied within a court of law.

[Amended Complaint, First Claim for Relief.] In addition, Plaintiff alleges that "[t]he judge in the case base [sic] her verdict on the color of my skin and the Fact [sic] that I was with a white woman." [Amended Complaint at 1.] Plaintiff requests relief in the amount of "$350,000.00 each and every day I fear for my very life." [*Id.* at 6.]

## II. Discussion

The purpose of a Rule 12(b)(6) motion is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick,* 40 F.3d 337, 340 (10th Cir.1994). In ruling on a motion to dismiss, a court "must construe the complaint in favor of the complaining party," *Utah v. Babbitt,* 137 F.3d 1193, 1204 (10th Cir.1998), and must draw all reasonable inferences in favor of the plaintiff. *Mitchell v. King,* 537 F.2d 385, 386 (10th Cir. 1976). The Court will dismiss a claim for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6) only when it appears beyond doubt that the plaintiff can prove no set of facts in support of the theory of recovery that would entitle him or her to relief (*see Conley v. Gibson,* 355 U.S. 41, 45-46 (1957); *Maher v. Durango Metals, Inc.,* 144 F.3d 1302, 1304 (10th Cir. 1998)), or when an issue of law is dispositive. *See Neitzke v. Williams,* 490 U.S. 319, 326-27 (1989).

2

The allegations in Plaintiff's complaint "must be taken as true to the extent they are uncontroverted by [Defendants'] affidavits." *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir.1995). In addition, only well-pled facts, as opposed to mere conclusory allegations, must be accepted as true. *Id.* Because Plaintiff is proceeding *pro se,* I must construe his complaint liberally, holding it to less stringent standards than a formal pleading drafted by an attorney. *See Haines v. Kerner,* 404 U.S. 519, 520 (1972).

Even construing the Amended Complaint liberally, I find that Plaintiff has failed to state a claim upon which relief may be granted. It is well established that "[a]bsolute immunity bars suits for money damages for acts made in the exercise of prosecutorial or judicial discretion." *Guttman v. Khalsa,* 446 F.3d 1027, 1033 (10th Cir. 2006) (citing *Mireles v. Waco,* 502 U.S. 9, 13 (1991)). If a judicial defendant is alleged to have engaged in unconstitutional conduct only while presiding over an adjudicative proceeding, the defendant is "performing judicial acts and is therefore clothed with absolute judicial immunity." *Hunt v. Bennett,* 17 F.3d 1263, 1266 (10th Cir. 1994); *see also Lundahl v. Zimmer,* 296 F.3d 936, 939 (10th Cir. 2002) (extending judicial immunity to any judicial officer who acts either (1) to resolve disputes between parties or (2) to authoritatively adjudicate private rights).

Here, the Defendant's conduct about which Plaintiff complains is strictly limited to her actions taken while adjudicating a matter involving the Plaintiff in Denver County Court. Consequently, the Defendant, Doris Burd, is protected from suit for damages under the absolute judicial immunity doctrine. *See Guttman*, 446 F.3d at 1033. Moreover, Plaintiff has an adequate remedy within the state's judicial system. The losing party in a state court proceeding is generally "barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights."

3

*Johnson v. De Grandy,* 512 U.S. 997, 1005-06 (1994).  Review of the state court judgment may proceed to the state's appellate court, to the highest court, and then to the United States Supreme Court pursuant to 28 U.S.C. § 1257.  *See Facio v. Jones,* 929 F.2d 541, 543 (10th Cir. 1991).

### III.     Conclusion

Accordingly, for the reasons stated above, the Court RECOMMENDS that Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) [Filed June 8, 2007; Docket #7] be **granted**.  Under Fed. R. Civ. P. 72, the parties shall have ten (10) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.[1]

Dated at Denver, Colorado, this 20th day of July, 2007.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge

---

[1] The party filing objections must specifically identify those findings or recommendations to which the objections are being made.  The District Court need not consider frivolous, conclusive, or general objections.  A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations.  *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1).  Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy of this Recommendation may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court.  *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).